```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


EDWARD SCHWESINGER, JR. et al.,    )
                                   )
         Plaintiffs,               )
                                   )     CIVIL ACTION NO.
                                   )     13-cv-11436-DPW
v.                                 )
                                   )
JESSE HURLEY, et al.,              )
                                   )
         Defendants.               )
```

MEMORANDUM AND ORDER
March 31, 2014

The parties before me litigated this case in Massachusetts state court for three years. On the eve of a scheduled trial, two of the Defendants--with the concurrence of the third--removed the case from Massachusetts Superior Court to the federal forum. The Plaintiffs seek a remand to state court, as well as an award of the costs and fees incurred as a result of defendants' removal.

After removing this case to this court, Defendants filed a motion to compel arbitration--an issue raised and decided adversely to them twice in state court.

For the reasons set forth below, I will deny Defendants' motion to compel arbitration, remand this matter to state court, and hold all of the Defendants jointly and severally liable for the requested fees and costs.

## I. BACKGROUND

The Plaintiffs, Edward Schwesinger, Jr. and First Daniel Corporation, initiated this suit in June of 2010 by filing a complaint in Middlesex Superior Court, which was first amended in August of 2010, naming as Defendants, Anamorphic Systems, Inc. ("ASI"), and Jesse Hurley, William Gasko, and Seth Voltz, who were each officers, employees, or agents of ASI. The First Amended Complaint alleged various state-law statutory and common law claims for economic losses relating to a failed investment by the Plaintiffs in ASI.

The parties litigated the case in state court for three years prior to the Defendants filing their notice of removal. During that time, the Defendants filed multiple answers to the Plaintiffs' multiple amended complaints. In each of those answers, the Defendants asserted as an affirmative defense their contractual right to arbitration.

In February of 2012, after close to two years of litigation, the Superior Court entered a judgment against ASI on all counts asserted in Plaintiffs First Amended Complaint, including an award of multiple damages, costs, and attorneys' fees under Chapter 93A.

In March 2012, after order of judgment was entered against ASI, the Plaintiffs filed their Second Amended Complaint against

Mr. Hurley, Mr. Voltz, and Mr. Gasko--dropping ASI as a Defendant in this Complaint.

In May of 2012, Defendants Jesse Hurley and Seth Voltz, with the concurrence of William Gasko served a motion to compel arbitration. The Superior Court rejected this motion in a order dated June 29, 2012.

Nearly one year later, Mr. Hurley and Mr. Voltz filed a motion for reconsideration of the denial of their motion to compel arbitration. The Superior Court denied this motion for reconsideration explaining in an order dated June 7, 2013:

> After reviewing the motion for reconsideration, opposition and supporting affidavit and memoranda, the motion is denied. By waiting two years to file a motion to compel arbitration, the defendants waived any right to arbitrate under either federal or state law. Further this motion for reconsideration filed on the eve of trial is untimely.

Only after this (second) denial of their attempt to compel arbitration did the Defendants file their notice of removal in this court on June 14, 2013.[1]

---

[1] The Notice of Removal was signed only by Mr. Hurley, appearing *pro se*. The Notice represented on its face that it was filed on behalf of Mr. Hurley and Mr. Voltz and with Mr. Gasko's concurrence. Because he is not an attorney, Mr. Hurley cannot file on behalf of Mr. Voltz--who is also appearing *pro se* and so is required to sign his own papers. Moreover, to the extent the representation of Mr. Gasko's concurrence was intended to satisfy 28 U.S.C. § 1446(b)(2), it was ineffective. For consent to be effective under Section 1446(b)(2), the consent must be communicated directly to the court, not through representations of the filing party. *See Frankston* v. *Denniston*, 376 F. Supp. 2d 35, 41 (D. Mass. 2005).

In response, the Plaintiffs have moved for remand and seek an award of the attorneys' fees and costs that they have incurred as a result of the removal. As grounds for remand, Plaintiffs assert (i) that there exists no basis for federal subject matter jurisdiction; (ii) that the hour is simply too late for Defendants to remove this case to federal court; and (iii) that not all Defendants have properly consented to removal.

## II. DISCUSSION

Defendants have asserted 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446 as grounds for removing this matter to federal court.

I approach the issues from the perspective of certain basic principles restated by Judge Tauro: "Removal statutes are to be strictly construed against removal and doubts resolved in favor of remand. Moreover, the burden is upon the removing party to show that federal subject matter jurisdiction exists, that removal was timely, and that removal is proper." *T&K Asphalt Services, Inc.* v. *DDRC Gateway, LLC*, 2013 WL 5550512, at *3, (D. Mass. Oct. 8, 2013) (quotation marks and citations omitted).

### A. *The Existence of Federal Subject Matter Jurisdiction*

A case is removable to federal district court if the federal district would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). That jurisdiction may exist based upon the existence of a "federal question" under 28 U.S.C. § 1331 or based

4

upon diversity among the parties under 28 U.S.C. § 1332.  28 U.S.C. § 1441(b) imposes an additional limitation on removal based upon diversity jurisdiction: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

As the removing parties, Defendants bear the burden of establishing federal jurisdiction.  *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 431 F. Supp. 2d 109, 116 (D. Mass. 2006)

*1.  Federal Question Jurisdiction*

Defendants contend that there exists federal question jurisdiction based upon the complaint's implication of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, the Federal Securities Act of 1933, 15 U.S.C. §§ 77a *et seq.*, and, possibly, the Fourteenth Amendment to the United States Constitution and the Private Securities Litigation Reform Act.  None of these, however, provides a basis for federal jurisdiction.

As the United States Supreme Court has explained, "Congress has provided for removal of cases from state court to federal court when the plaintiff's complaint alleges a claim arising under federal law.  Congress has not authorized removal based on a defense or anticipated defense federal in character."  *Rivet* v.

*Regions Bank of Louisiana*, 522 U.S. 470 (1998). *See also Franchise Tax Bd. of Cal. v. Const. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983) (a case will "arise" under federal law only when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

Here, each of the claims asserted by the Plaintiffs arises under state--not federal - law. Thus, on the face of the complaint, there exists no federal subject matter jurisdiction.

The Defendants correctly note that there are limited circumstances in which state law claims may raise a sufficiently weighty federal question as to warrant federal jurisdiction. This can occur where a state claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc.*, 545 U.S. 308, 314 (2005). None of the claims here, however, meets this test.

First, the existence of an arbitration agreement does not create an independent basis for federal subject matter jurisdiction. Section 4 of the Federal Arbitration Act gives an aggrieved party the right to file a petition for an order compelling arbitration only before "any United States district

court which, save for such agreement, would have jurisdiction under Title 28." 9 U.S.C. § 4. As the Supreme Court has explained, the FAA "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise." *Moses H. Cone Memorial Hosp.* v. *Mercury Const. Corp.*, 460 U.S. 1, 25 n.32 (1983).

Second, the Defendants contend that federal question jurisdiction exists because ASI's stockholder agreement makes reference to the Securities Act of 1933--and more specifically requires that investors abide by that law. This again does nothing to create subject matter jurisdiction. None of the Plaintiffs' state law claims rely on this provision or otherwise implicate federal securities law. A passing reference to federal law in a contractual provision that is not implicated by any of the Plaintiffs' claims does not "necessarily raise a stated federal issue, actually disputed and substantial." *Grable*, 545 U.S. at 314.

Third, although the Defendants make reference to the Private Securities Litigation Reform Act, Pub. Law 104-67, and 109 Stat. 737, and its heightened pleading standard, those standards apply to class actions. Thus, it is not implicated in this case.

Finally, the Defendants make passing reference to the Fourteenth Amendment. However, having failed to explain any

7

further this otherwise inexplicable legal contention, I consider the Defendants to have waived any such argument.

   2.   *Diversity Jurisdiction*

While a defendant may generally remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a), a civil action otherwise removable solely on the basis of the diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

Defendant William Gasko admitted in his answer to the Plaintiffs' Second Amended Complaint that he resides in Worcester, Massachusetts, making him a citizen of that state for diversity purposes.  The Defendants repeat this same factual assertion in their opposition to the motion for remand, explaining that "Mr. Gasko is a resident of Massachusetts."

This case falls squarely within the prohibition of removal by in-state defendants contained in 28 U.S.C. § 1441(b)(2) and may not be removed to the federal forum on the basis of diversity.

Thus, there exists no basis for removal of this case to federal court--either under federal question jurisdiction or as a result of diversity among the parties.  Accordingly, remand is appropriate.

***B.   Timeliness of the Notice of Removal***

There exists a second, separate reason justifying remand which I will also address. This case was first filed in state court more than three years before Defendants filed their notice of removal.

Under 28 U.S.C. § 1446(b)(1):

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

Enforcement of this window is important, because doing so "guards against giving a defendant an "undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system." *Valley Management, Inc.* v. *Boston Mobile Home Park Tenants, Ass'n*, 736 F. Supp. 2d 344, 349-50 (citing *Wilson* v. *Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982)).

That language is especially pertinent here. Defendants filed their notice of removal on the very eve of trial and after having their bids to compel arbitration twice rejected by the state court. Their notice of removal and their opposition to the motion for remand are devoted to further rehashing their legal

9

arguments in favor of arbitration.  Disagreement with the decisions of a state court--even regarding matters of federal law--does not, however, create jurisdiction or excuse delay in removing this case, if it ever had been removable.

Aside from unhappiness with the state court's decisions to date in this matter, Defendants' only other argument justifying their delay is that by asserting, as an affirmative defense in their answer and other state court filings, their right to arbitration, they have made the Plaintiffs aware of the desire to arbitrate and potentially the removability of this case.  Such acts are plainly insufficient to satisfy the procedural requirements of 28 U.S.C. § 1446(b)(1) which requires filing of a proper notice of removal.

Thus, not only is there no basis for removal of this case, any notice of removal is untimely and therefore ineffective.

Finally, Plaintiffs also argue that Defendants have failed to satisfy the requirements of 28 U.S.C. § 1446(b)(2)(A)-(B), which requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." I have found that the purported joinder found on the face of the notice of removal filed by Mr. Hurley is defective.  *See supra* Note 1.  Moreover, both the purported consents filed by Mr. Hurley and those later filed by his co-defendants run afoul of the requirement that "[e]ach defendant shall have 30 days after

receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." For the same reasons that the notice of removal was filed untimely, the consents of the Defendants to this removal, even if effective, were likewise untimely.

## III. THE REQUEST FOR FEES

### A. *Whether Plaintiffs are Entitled to Attorney's Fees*

Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has explained that an award of fees is neither automatic nor presumptive. Rather, the standard for an award should turn on the "reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin* v. *Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Defendants lacked any "objectively reasonable" basis for their notice of removal. Their claims of subject matter jurisdiction were spurious and their attempts to remove were plainly barred by the timeliness requirements of 28 U.S.C. § 1446. The case for an award of fees is further bolstered by the fact that the notice of removal was filed only after adverse

11

rulings by the Superior Court and on the eve of a scheduled state court trial.  This timing strongly suggests that the notice of removal was nothing other than a transparent attempt to stave off a day of reckoning for these Defendants.  *See Harvard Real Estate-Allston, Inc.* v. *KMART Corp.*, 407 F. Supp. 2d 317, 322 (D. Mass. 2005) ("The justification for the award of attorney's fees is especially strong in a case such as this where, on a spurious basis, the defendant delayed the summary process procedure by invoking the removal procedures of the federal court.").

Accordingly, I will award the reasonable attorney's fees and costs incurred by the Plaintiffs in seeking remand of this matter to state court.

### B.  *From Whom Plaintiffs May Seek Attorney's Fees.*

The Notice of removal was signed and filed only by Jesse Hurley, representing himself *pro se*.  Although on its face it states: "Defendants Jesse Hurley, Seth Voltz, and Anamorphic Systems, Inc., with the concurrence of Defendant William Gasko, hereby remove [this case]," Mr. Hurley, who is not an attorney, is unable to represent Mr. Voltz.  To be an effective filing by Mr. Voltz, he must sign it himself.  Thus the notice of removal was effectively filed only on behalf of Mr. Hurley.  Similarly, although it represents consent by Mr. Gasko, that consent was likely insufficient to satisfy the procedural requirements of 28 U.S.C. § 1446(b)(2).  *See supra* Note 1.

Nevertheless, after the Notice of Removal was filed, both Mr. Voltz and Mr. Gasko filed documents expressing consent to the removal of this matter to federal court. Mr. Gasko's, dated July 12, 2013, states "William Gasko, a defendant in this action, consents to the removal of this action to Federal Court by co-defendant, Jesse Hurley."

Mr. Gasko now opposes imposition of sanctions on the grounds that he did not join in the Notice of Removal. He contends that he "has not taken any position relative to the Notice of Remand beyond acquiescence."

This argument is simply incorrect. Under 28 U.S.C. § 1446(b)(2), the consent of all defendants is required to accomplish removal. Thus, filing a notice of consent to the removal was not mere acquiescence in another's action, but was an affirmative (although ineffectual) attempt to remove a procedural obstacle to the removal of this case to federal court; moreover, it was undertaken to facilitate removal. This is support of Mr. Hurley's efforts. As Mr. Gasko's counsel put it: "Mr. Gasko consented to the removal, which speaks for itself. If there are further proceedings, I would express Mr. Gasko's support for removal . . ." If improper removal were a crime, Mr. Gasko would be an aider and abetter. *Cf. Rosemond* v. *United States*, 134 S.Ct. 1240, 1246-52 (2014) (outlining the law of aiding and abetting).

It is therefore appropriate to hold Mr. Gasko, as well as Mr. Voltz--who similarly filed a notice of consent to removal--jointly and severally liable with Mr. Hurley for attorney's fees. *Cf. Yellen* v. *Telledyne Continental Motors, Inc.* 832 F. Supp. 2d 490, 509 (E.D. Pa. 2011) ("Given both defendants' active involvement in [the attempted removal to district court], they will share equally in the division of these fees and costs.").

## C. *The Amount of Attorney's Fees*

As a result of the notice of removal to this court, the Plaintiff has been compelled to file a motion to remand and a memorandum in support thereof; to file a motion for attorney's fees; and to engage in discussions and scheduling with opposing parties regarding the matters precipitated by removal.

For this work, they seek $24,980 in fees, calculated based upon 115.9 hours of work performed by Neil Janulewicz, Jr., an associate at Lewis & Kaplan, billed at a rate of $200 per hour, and 6 hours of work performed by Brian Kaplan, billed at a rate of $300 per hour. Mr. Kaplan has represented that these represent a discount from the current billing rates for him and Mr. Janulewicz.

I also note that these fee amounts do not include either the amount incurred in responding to Defendants' motion to compel arbitration filed in this court or the costs associated with the disruption of the scheduled trial in the state court.

That said, while the rates appear within the reasonable range for matters litigated before this court, the amount of time spent on these matters does not appear justifiable.  A little less than a decade ago, I found that a similar expenditure of hours justified only $10,000 in attorney's fees at comparable rates under 28 U.S.C. § 1447(c).  *Harvard Real Estate-Allston, Inc.*, 407 F. Supp. 2d at 322-23.  Here, I will award fees of $12,000.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (Dkt. No. 5) and Motion for Attorney's fees (Dkt. No. 17) are hereby GRANTED; attorney's fees in the amount of $12,000 are awarded.  Defendants' Motion to Compel Arbitration (Dkt. No. 23) is DENIED as moot.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT